IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Nathaniel Glenn, Jr., #303563,      ) | |
|                                     ) | Civil Action No. 6:06-0550-GRA-WMC |
|                 Plaintiff,          ) | |
|                                     ) | **REPORT OF MAGISTRATE JUDGE** |
|         vs.                         ) | |
|                                     ) | |
| C. Bracey, Major at Kirkland        ) | |
| Correctional Institution; Petnnia Pyle, ) | |
| Captain; and Rapid Response Team    ) | |
| at Kirkland Correctional Institution, ) | |
|                                     ) | |
|                 Defendants.         ) | |
|                                     ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

## FACTS

At all times relevant to this litigation, the plaintiff was incarcerated at the Evans Correctional Institution ("Evans") in Bennettsville, South Carolina, where he was serving a 27-year sentence for trafficking cocaine (def. m.s.j., ex. A). On or about October 16, 2004, Evans went on "lock-down" status, and remained on "lock-down" until on or about December 16, 2004. After Evans went on "lock-down" status, the Division of Operations for the South Carolina Department of Corrections ("SCDC") assigned the Rapid Response Team ("RRT") to Evans to perform contraband searches (def. m.s.j., ex. B, Major Terry

Bracey aff. ¶ 2). The RRT occupied Evans for a period of six to eight weeks, during which time they conducted contraband searches of the five housing units comprising Evans. *Id.*

Prisoners receive regular and legal mail at Evans. All mail is directed to the Postal Director, Oscar Bundy. On average, the Evans Correctional Institution Postal Facility receives 20 to 30 pieces of legal mail per day. According to Mr. Bundy, legal mail is opened only in front of the prisoner to whom the mail is addressed (def. m.s.j., ex. C, Oscar Bundy aff. ¶ 2). Usually legal mail is delivered to inmates and opened in front of them by Mr. Bundy at a building known as the "Express Canteen." However, when Evans is on "lock-down" status, Mr. Bundy personally delivers legal mail to prisoners in their respective cells. This legal mail is not opened unless and until Mr. Bundy is in front of the prisoner at the prisoner's cell (Bundy aff. ¶ 3).

Evans' policy regarding the opening of inmates' legal mail is as follows:

Incoming legal and privileged mail will be opened and inspected for unauthorized items in the presence of the inmate. Under no circumstances will legal or privileged mail be read.

(Def. m.s.j., ex. D at 1, PS-10.08). The plaintiff alleges in his complaint that on November 19, 2004, at 9:00 a.m. he went to the Express Canteen to receive his legal mail. He claims that Mr. Bundy informed him that the RRT had already opened the plaintiff's legal mail. The plaintiff claims that the RRT read his legal mail and thus his First Amendment rights have been violated (comp. 3). In support of his opposition to the motion for summary judgment, the plaintiff submitted an affidavit in which he claims that Mr. Bundy wrote on the envelope that the RRT had opened the legal mail (pl. aff. 2). He also submitted a copy of an envelope that has handwriting in the top left corner stating, "Opened by RRT Team 11-18-04" and a signature reading "O.W. Bundy" (pl. m. in opp. m.s.j., ex. 1). Mr. Bundy testified in his affidavit that at no time during the RRT's tenure at Evans did any member of the RRT open a prisoner's legal mail (Bundy aff. ¶ 5). Major Terry Bracey of the RRT

testified in his affidavit that at no time did he or any member of the RRT open any mail, regular or legal, addressed to prisoners (Bracey aff. ¶ 2).

On May 26, 2006, the defendants moved for summary judgment. By order filed May 30, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response to the defendants' motion on June 28, 2006.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

In order to prove a claim under Section 1983, a plaintiff must "show that the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). "There is no federal right to be free from emotional distress, psychological stress, or mental anguish in prison, and hence, there is no liability under §1983 regarding such claims." *Johnson v. Ozmint*, No. Civ.A. 403383726BH, 2005 WL 3164071, *7 (D.S.C. 2005) (citing *Grand Staff v. City of Borger*, 767 F.2d 161 (5th Cir. 1989)).

In *Hendrix v. Faulkner*, 525 F. Supp. 435 (N.D. Ind. 1981), the district court found with regard to an inmate's claim that his legal mail had been opened outside his presence, "At worst, [the inmate's] claim of receiving opened legal mail indicates negligence

4

on the part of prison officials or employees. There is no evidence in the entire case to indicate a pattern or practice of opening or interfering with the delivery of legal mail. Therefore, this claim does not rise to a constitutional level and it is accordingly denied." *Id.* at 455.

Similarly, in *Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990), the district court considered an inmate's claim that an officer opened the inmate's legal mail outside of his presence. The court found:

> Prison officials may open mail from an attorney addressed to a prisoner only in the presence of the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the Supreme Court struck down procedures at the Nebraska Penal and Correctional Complex that allowed prison officials to open and inspect mail from inmates' attorneys. Unlike the case at bar, the mail opening in *Wolff* was deliberately undertaken pursuant to prison policy. Here, the opening of plaintiff's mail was an isolated oversight.
>
> The central issue in this case, then, is whether a negligent act depriving plaintiff of his right to be present when legal mail is opened rises to the level of a constitutional violation. Current case law confirms that it does not. For example, it appears settled in the Seventh Circuit that where plaintiff can show only that his legal mail was negligently opened, his claim is not actionable under § 1983. *Averhart v. Shuler*, 652 F.Supp. 1504 (N.D.Ind.), aff'd, 834 F.2d 173 (7th Cir.1987), cert. denied, 484 U.S. 1073 (1988). In *Averhart*, the court stated that while it did not condone the negligent opening of a prisoner's legal mail, it was compelled to conclude that such actions did not state a § 1983 claim. Similarly, in *Hendrix v. Faulkner*, 525 F.Supp. 435 (N.D.Ind.1981), the same court found that where there was no evidence to indicate a pattern or practice of opening or interfering with the delivery of legal mail, the plaintiff's claim did not rise to the constitutional level. *Id.* at 455. The district court's views in *Averhart* and *Hendrix* are supported by *Daniels v. Williams*, 474 U.S. 327 (1986) and *Davidson v. Cannon*, 474 U.S. 344 (1986), both of which stand for the settled proposition that an unintentional loss of a liberty interest, a right, or property as a result of negligent action does not rise to a level protected by the Fourteenth Amendment. Moreover, in *Daniels*, the Court held that where a government official's act causing injury to life, liberty or property is merely negligent, "no procedure for compensation is constitutionally required." *Daniels v. Williams*,

5

> 474 U.S. 327, 333 (quoting *Parratt v. Taylor*, 451 U.S. 527, 548 (1981) (Powell, J., concurring in result)).
>
> In this case, Deputy James was, at most, negligent for erroneously opening plaintiff's legal mail. Moreover, the record reflects that this unfortunate occurrence was an isolated event and not part of any pattern or practice. Accordingly, consistent with *Averhart* and *Hendrix* and following the principle established in *Davidson* and *Daniels*, this Court concludes that plaintiff's § 1983 claim against defendants must fail.

*Id.* at 734 (parallel citations omitted). *See also Ballenger v. Barkley*, 6:03-3333-27AK, 2004 WL 3312009 (D.S.C. July 27, 2004) (finding that the inmate's Section 1983 claim that officer negligently opened his legal mail failed to withstand summary judgment motion).

Here, there is no allegation that the opening of the plaintiff's legal mail was pursuant to an unconstitutional policy maintained by Evans. The defendants strongly deny that the plaintiff's legal mail was opened by any member of the RRT, and the Postal Director at Evans, upon whom the plaintiff's entire claim relies, has submitted an affidavit that at no time did any member of the RRT open a prisoner's legal mail. Even assuming that the plaintiff's legal mail was opened outside his presence, there is absolutely no evidence that the legal mail was read or that the opening was anything other than an isolated negligent event. The claim that the plaintiff's further court proceedings were prejudiced maliciously and intentionally by the defendants' "all-out effort to deny Plaintiff access to the courts" (pl. opp. m.s.j. 8) is not substantiated by any evidence. The only pieces of evidence the plaintiff offers are envelopes marked with the number of days that passed between mailing and when the plaintiff received them. No evidence is offered that these letters were withheld from the plaintiff, nor is there any evidence that the defendants caused these letters to be withheld.

Accordingly, the plaintiff's claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment be granted.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

August 25, 2006

Greenville, South Carolina