UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Nathaniel Glenn, Jr., #303563,

                  Plaintiff,          C/A No. 6:06-0550-GRA-WMC

       v.

C. Bracey, Major at Kirkland               ORDER
Correctional Institution; Petnnia Pyle,
Captain; and Rapid Response Team at
Kirkland Correctional Institution;

                 Defendants.

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on August 25, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Liberally construed, plaintiff alleges that defendants opened and read his legal mail while he was a prisoner at Evans Correctional Institution. The magistrate recommended that summary judgment be granted in favor of defendants because even if plaintiff's mail was opened and read one time as he alleges, this single negligent act is not a basis for a § 1983 action.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

1

allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on September 11, 2006.

Plaintiff objects that the magistrate failed to address plaintiff's exhibits, in particular the Step-2 SCDC grievance. The Court has reviewed the Step-2 SCDC grievance, which is Exhibit 2 to plaintiff's Response in Opposition to defendant's Motion for Summary Judgment. The decision states that plaintiff's complaint has merit and that the South Carolina Department of Corrections will address the incident in question with the appropriate staff. The fact that the Department of Corrections found his grievance to have merit does not in itself give rise to a § 1983 claim. In the same

2

grievance, plaintiff claims that his legal mail was opened "during that particular time." Plaintiff's complaint alleges one instance of his legal mail being opened and not a pattern or policy of the defendants. Even if true, plaintiff's allegation does not constitute a viable § 1983 claim. *See Hendrix v. Faulkner*, 525 F. Supp. 435, 455 (N.D. Ind. 1981).

Plaintiff further objects that the magistrate failed to address the dismissal of plaintiff's appeal by the Fourth Circuit Court of Appeals as a real harm suffered by plaintiff as a result of defendants' actions. The magistrate did address "[t]he claim that the plaintiff's further court proceedings were prejudiced maliciously and intentionally" by defendants, and concluded that plaintiff had not made a threshold showing of evidence to proceed on this claim. *Report p. 6*. Plaintiff merely submitted envelopes which he claims he received up to a week after mailing, without any evidence that defendants withheld his mail. After a review of the evidence submitted in this case, the Court agrees that plaintiff has not produced enough evidence to present a factual issue.

Plaintiff objects that a pattern of behavior by defendants has been established by the instances when he received mail several days after it was postmarked.  Again, plaintiff has not produced any evidence to show that the delay was caused by defendants withholding his mail, as opposed to the usual delays in the U.S. postal system.

Plaintiff argues that the opening of his legal mail was not an isolated, negligent event as the magistrate concludes because the RRT officer was informed that opening

3

plaintiff's legal mail was forbidden but proceeded to do so anyway. While the RRT officer may have acted improperly as acknowledged by the response to the Step-2 Grievance, the plaintiff has failed to present any facts to support the notion that this was pursuant to a policy or pattern of the defendants. In fact, the response of defendants that they would correct the matter demonstrates the lack of any policy or pattern to interfere with plaintiff's legal mail.

Plaintiff argues that the discrepancy between the postmark date and the date when the letters were stamped received is evidence that defendants withheld his mail. As discussed earlier, this discrepancy is normal in the U.S. postal system and does not support an inference that defendants were responsible for its delay. The Court is unaware of any pending discovery motions as referred to in plaintiff's objections.

Plaintiff objects that the magistrate failed to address a discrepancy in Mr. Bundy's testimony. For the purposes of summary judgment, the magistrate and this Court assume that the mail was opened outside of plaintiff's presence on the occasion he complains of. However, this single isolated event does not constitute grounds for a § 1983 action, even when resolving the factual dispute in favor of plaintiff.

Plaintiff's objection in subsection "G" is a general objection to the report and thus the Court need not explain its reasoning as to this objection.

As already stated, the possibility of witness bias is avoided at the summary judgment stage by construing all factual disputes in favor of the non-moving party. However, this does not allow the Court to ignore a clear failure to plead facts sufficient

4

to sustain a §1983 claim.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS HEREBY ORDERED that defendants' Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
September 27, 2006.

5

<u>NOTICE OF RIGHT TO APPEAL</u>

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.